UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHRISTOPHER M. ALLEN, : | |
|     Plaintiff, : | |
| : | |
| v. : | Case No. 3:20-cv-279(AWT) |
| : | |
| CHERYL L. CEPELAK, et al., : | |
|     Defendants. : | |

**RULING ON MOTION FOR RECONSIDERATION**

The plaintiff, Christopher Allen, who is a sentenced inmate[1] in the custody of the Department of Correction ("DOC"), filed this civil rights action pursuant to 42 U.S.C. § 1983 against DOC Deputy Commissioner Cheryl Cepelak, DOC District Administrator William Mulligan, DOC Religious Services Director Williams ("Dr. Williams"), and MacDougall-Walker Correctional Institution ("MacDougall-Walker") Warden Kristine Barone. Allen alleges that he has been denied his rights under the First and Fourteenth Amendments to the United States Constitution; the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA); Article First, § 3 of the Connecticut Constitution; and Connecticut General Statutes § 52-571(b). Allen has sued the defendants in their individual capacities for damages and in

---

[1] The DOC website shows that Allen was sentenced on February 25, 2010, and he is serving a sentence of thirty-two years. See Giraldo v. Kessler, 694 F.3d 161, 164 (2d Cir. 2012) (noting that the court may "take judicial notice of relevant matters of public record"). http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=317818.

1

their official capacities for injunctive and declaratory relief. After initial review, the court permitted all of Allen's claims to proceed against Deputy Commissioner Cepelak, District Administrator Mulligan, Dr. Williams, and Warden Barone. See Initial Review Order, ECF No. 8, at 2.

After review of the defendants' motion to dismiss, the court concluded that the defendants were entitled to qualified immunity on Allen's First Amendment claim based on the denial of his request for religious services for his religion of Islamism, but denied the motion to dismiss as to Allen's First Amendment claims relating to his right to possess and wear a burgundy fez. See Ruling on Mot. to Dismiss, ECF No. 48, at 17.

The defendants have filed a motion for reconsideration of the ruling on their motion to dismiss to the extent that it was denied. The court assumes familiarity with, and incorporates herein, the factual allegations discussed in the ruling on the motion to dismiss.

I. **LEGAL STANDARD**

"A motion for reconsideration is an extraordinary request that is granted only in rare circumstances, such as where the court failed to consider evidence or binding authority. 'The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party

can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Van Buskirk v. United Grp. of Cos., Inc., 935 F.3d 49, 54 (2d Cir. 2019) (quoting Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)). "It is well-settled that a party may move for reconsideration and obtain relief only when the [party] identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr., 729 F.3d 99, 108 (2d Cir. 2013) (quoting Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir.1992)).

"A motion for reconsideration may not be used to plug gaps in an original argument or to argue in the alternative once a decision has been made." SPGGC, Inc. v. Blumenthal, 408 F. Supp. 2d 87, 91 (D. Conn. 2006) (internal quotations omitted). "It is also not appropriate to use a motion to reconsider solely to re-litigate an issue already decided." Id. at 91-92.

## II. DISCUSSION

The defendants argue that they are entitled to qualified immunity because "[t]here is no clearly established right of an

inmate to possess a fez inside of a prison." Defs.' Mot. for Reconsideration Re: Doc. No. 48 ("Defs.' Mem."), ECF No. 49, at 1.

Qualified immunity[2] "protects government officials 'from liability for civil damages in so far as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Pearson v. Callahan, 555 U.S. 223, 231 (2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).

Qualified immunity "affords government officials 'breathing room' to make reasonable—even if sometimes mistaken—decisions[.]" DiStiso v. Cook, 691 F.3d 226, 240 (2d Cir. 2012) (quoting Messerschmidt v. Millender, 565 U.S. 535, 553 (2012)). "The qualified immunity standard is 'forgiving' and 'protects all but the plainly incompetent or those who knowingly violate the law.'" Grice v. McVeigh, 873 F.3d 162, 166 (2d Cir. 2017) (quoting Amore v. Novarro, 624 F.3d 522, 530 (2d Cir. 2010)).

"Qualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right,

---

[2] "'Qualified immunity' protects an official from liability under *federal* causes of action but is not generally understood to protect officials from claims based on state law." Jenkins v. City of New York, 478 F.3d 76, 86 (2d Cir. 2007).

and (2) that the right was 'clearly established' at the time of the challenged conduct." Ashcroft v. al-Kidd, 563 U.S. 731, 735 (2011) (quoting Harlow, 457 U.S. at 818). "Courts may 'exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand.'" Winfield v. Trottier, 710 F.3d 49, 54 (2d Cir. 2013) (quoting Pearson, 555 U.S. at 236).

"A Government official's conduct violates clearly established law when, at the time of the challenged conduct, '[t]he contours of [a] right [are] sufficiently clear' that every 'reasonable official would [have understood] that what he is doing violates that right.'" al-Kidd, 563 U.S. at 741 (quoting Anderson v. Creighton, 483 U.S. 635, 640 (1987)). Courts "do not require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." Id.

"To determine whether the relevant law was clearly established, we consider the specificity with which a right is defined, the existence of Supreme Court or Court of Appeals case law on the subject, and the understanding of a reasonable officer in light of preexisting law." Terebesi v. Torreso, 764 F.3d 217, 231 (2d Cir. 2014). The Second Circuit has

"specifically cautioned against the reliance on non-precedential summary orders and district court opinions in clearly established analyses because non-precedential decisions, by their very definition, do not make law." Liberian Cmty. Ass'n of Conn. v. Lamont, 970 F.3d 174, 189 (2d Cir. 2020) (internal quotations and brackets omitted).

    Moreover, "a broad general proposition" is not sufficient to show the existence of a clearly established right. Reichle v. Howards, 566 U.S. 658, 665 (2012) (internal quotations omitted). The constitutional right allegedly violated must be established "in a 'particularized' sense so that the 'contours' of the right are clear to a reasonable official." Id. (quoting Anderson, 483 U.S. at 640); see also White v. Pauly, ___ U.S. ___, 137 S. Ct. 548, 552 (2017) (per curiam) ("'[C]learly established law' should not be defined 'at a high level of generality.'") (quoting al-Kidd, 563 U.S. at 742); City of Escondido v. Emmons, ___ U.S. ___, 139 S. Ct. 500, 503 (2019) (per curiam) ("Under our cases, the clearly established right must be defined with specificity. 'This Court has repeatedly told courts . . . not to define clearly established law at a high level of generality.'") (quoting Kisela v. Hughes, ___ U.S. ___, 138 S. Ct. 1148, 1152 (2018) (per curiam))). "The 'clearly established' standard also requires that the legal principle [at issue] clearly prohibit

the officer's conduct in the particular circumstances before him." District of Columbia v. Wesby, ___ U.S. ___, 138 S. Ct. 577, 590 (2018).

In addition, qualified immunity "shields officers from suit for damages if 'a reasonable officer could have believed his action to be lawful, in light of clearly established law and the information [he] possessed.'" Manganiello v. City of New York, 612 F.3d 149, 165 (2d Cir. 2010) (alteration in original) (quoting Hunter v. Bryant, 502 U.S. 224, 227 (1991) (per curiam)). "[I]f a reasonable officer might not have known for certain that the conduct was unlawful—then the officer is immune from liability." Ziglar v. Abbasi, 137 S. Ct. 1843, 1867 (2017).

In considering a qualified immunity defense on a motion to dismiss, "[n]ot only must the facts supporting the defense appear on the face of the complaint, . . . but, as with all Rule 12(b)(6) motions, the motion may be granted only where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.'" McKenna v. Wright, 386 F.3d 432, 436 (2d Cir. 2004) (citations omitted) (quoting Citibank, N.A. v. K-H Corp., 968 F.2d 1489, 1494 (2d Cir.1992)). "Thus, the plaintiff is entitled to all reasonable inferences from the facts alleged, not only

those that support his claim, but also those that defeat the immunity defense." Id.

The defendants argue that "[c]ircuit [c]ourts have regularly upheld prison restrictions on religious headgear in the face of First Amendment challenges as necessary for safety and security." Defs.' Mem. at 3. In its prior ruling, the court identified the specific right at issue as "whether Allen had the First Amendment right to wear his religious headwear in light of . . . penological concerns for safety and security." Ruling on Mot. to Dismiss, ECF No. 48, at 12 (citing Richard v. Strom, No. 3:18-cv-1451, 2019 WL 2015902, at *4 (D. Conn. May 7, 2019) (considering qualified immunity defense to First Amendment claim that inmate had right to possess fez consistent with his religion)). The court recognized prior decisions upholding prison restrictions on religious headgear as necessary for safety and security reasons. Id. (citing cases including Benjamin v. Coughlin, 905 F.2d 571, 579 (2d Cir. 1990) (upholding restriction on Rastafarian crowns for safety and security reasons)).

In concluding that the motion to dismiss should not be granted as to this claim on the basis of qualified immunity, the court noted that the "face of the complaint provides no information about the asserted penological safety and security

concerns raised by Allen having access to and wearing a burgundy fez (and the defendants' motion to dismiss does not attach the decisions denying Allen's request)[.]" Id. at 13. Thus, the court concluded that it could not "assess whether there is a clearly established right under similar circumstances, or whether the defendants would not reasonably understand that their decision to deny Allen's burgundy fez request violated a constitutional right." Id.

The defendants' motion for reconsideration places considerable reliance on the decision in Richard, which afforded qualified immunity to defendants who denied the plaintiff the right to wear a fez, without information about the specific security concerns underlying the denial. See Defs.' Mem. at 4-6.[3]

But a more recent decision denied a motion to dismiss in an analogous case concerning an inmate's right to possess and wear a black kufi, among other religious clothing and items. See Ruling on Defs.' Mot. to Dismiss, Ashby v. Williams, No. 3:19-

---

[3] The defendants also cite to an order issued in Staples v. Robinson in which a motion for injunctive relief was denied and a prior order of injunctive relief was terminated based on, inter alia, the defendants' representations that headwear can be used to hide contraband and provide gang-identifiers, and that kufis or fezes can be permitted at the prison official's discretion. Mem. of Decision, Staples v. Robinson, No. 2:81-cv-209, (D. Conn. March 13, 2007), ECF No. 7. The court notes that the defendants' prior submission in support of their motion to dismiss could have, but did not, cite to Staples. Moreover, in the instant matter, the defendants have not provided information about the safety and security issues relevant to denying permission for Allen to possess and wear a burgundy fez.

cv-1127, (D. Conn. Apr. 23, 2021), ECF No. 18. There the court observed that "inmates generally have a right to wear religious clothing and possess religious items subject to legitimate security interests" and concluded that "a determination regarding whether [the defendant] acted reasonably in denying [the plaintiff's] request for a dashiki and a black kufi for security reasons is more appropriately made on a motion for summary judgment after completion of all discovery." Id. at 20 (citing Colman v. Vasquez, 142 F. Supp. 2d 226, 233-34 (D. Conn. 2001) (declining to determine on a motion to dismiss whether a right was clearly established without "further factual development")). As noted in Colman, "[i]t may well be that discovery will demonstrate [the prison's] policy is reasonably related to legitimate security concerns or a penological goal for . . . inmates, but that determination must await fuller factual development through discovery for summary judgment consideration at the earliest." Colman, 142 F. Supp. at 233.

    The defendants have not pointed to "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice," which would warrant reconsideration of the court's prior ruling on the motion to dismiss. Kolel Beth Yechiel Mechil of Tartikov, Inc., 729 F.3d at 108 (internal quotations omitted).

Accordingly, the court is denying the motion for reconsideration.

### III. CONCLUSION

For the reasons set forth above, Defendants' Motion for Reconsideration (ECF No. 49) is hereby DENIED.

It is so ordered.

Signed this 15th day of November 2021, at Hartford, Connecticut.

```
         /s/ AWT
      Alvin W. Thompson
   United States District Judge
```